[S. F. No. 8718.  In Bank.—March 19, 1920.]

## CELESTIN DEPONS, Administrator, etc., Appellant, v. W. B. ARISS et al., Respondents.

[1] NEGLIGENCE—DEATH FROM COLLISION WITH AUTOMOBILE TRUCK—EVIDENCE—NEGLIGENCE OF DECEASED.—In an action for death alleged to have been caused by the negligent operation of an automobile truck which struck the deceased while he was cranking an automobile parked along the curb of a city street, the driver of the truck cannot be held to be guilty of negligence, where the other side of the street was obstructed and unsuitable for travel, and the deceased, without any warning or intimation, suddenly changed his position and stood directly in front of the approaching truck, just at the time that the driver turned, sharply to clear the machine, since under such circumstances no duty was imposed upon the driver to assume that deceased would suddenly expose himself to imminent peril, but, on the contrary, he had a right to conclude that deceased would not recklessly move directly in front of the moving truck.

[2] ID.—INAPPLICABILITY OF DOCTRINE OF RES IPSA LOQUITUR.—Under such circumstances, the doctrine of *res ipsa loquitur* cannot be invoked, since negligence is not presumed from the mere fact of injury.

APPEAL from a judgment of the Superior Court of Alameda County. Wm. M. Conley, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Ostrander, Clark & Carey for Appellant.

Decoto & Calkins, Barry J. Colding, Theodore Hale, and Eugene F. Conlin for Respondents.

KERRIGAN, J., *pro tem.*—This is an action for damages for the death of one Jean B. Depons.  The action was

---

1. Rights and duties of persons driving automobiles in highways, notes, 13 Ann. Cas. 463; 21 Ann. Cas. 648; Ann. Cas. 1916E, 661.

2. Presumption of negligence from accident, note, 15 L. R. A. 33. *Res ipsa loquitur* as applied to automobile accidents, notes, 5 A. L. R. 1240; 32 L. R. A. (N. S.) 1177.

brought by the administrator of the estate of deceased, and the complaint alleges that the death of Depons was caused by the negligent operation of an automobile truck, which was driven at the time of the 'accident by defendant Clark, an employee of the other defendants, Ariss and Knapp. The case was tried without a jury and the court rendered judgment in favor of defendants. Findings were waived, but it appears from the record that the trial court's decision was based upon the fact that the plaintiff had failed to establish negligence on the part of defendants. It was stipulated that in the event of a reversal that the trial court should be directed to enter a judgment for plaintiff in the sum of two thousand eight hundred dollars. To prove her case plaintiff introduced only two witnesses at the trial. The testimony of one of these was confined to the surroundings and the condition of the street where the accident occurred. The other witness testified to the circumstances of the accident. The facts, therefore, are practically without conflict and, in brief, are as follows: Deceased was employed and interested in a laundry, situated on the east side of San Pablo Avenue, between Fifty-ninth and Sixtieth Streets, in the city of Oakland.

San Pablo runs in a general northerly and southerly direction. A street railway company occupies tracks in the center thereof. On the day of the accident these tracks were in the course of repairs, and the westerly portion of the street was, in consequence, obstructed and unsuitable for travel. For this reason, vehicles going in both directions were using the easterly side. The width of the roadway on this portion of the thoroughfare, from the curb to the first car rail, is about twenty-four feet. Of this, two feet adjoining the car tracks was excavated and had been filled with fresh cement and was not suitable for travel, leaving about twenty-two feet of this easterly portion of the street open for traffic.

On the day of the accident a Ford machine, facing south, was parked along the curb in front of the laundry. Deceased was bending over in front of this machine, apparently fixing or cranking it, his back being turned to the south. While in this position a heavy truck, some eight feet wide and loaded with crushed gravel, operated by defendant Clark, was proceeding northerly along the easterly

side of the street, approaching the point where the Ford machine was standing. At the same time a coal wagon was moving southerly along the same side of the street and it also had reached the immediate vicinity of the stationary machine. After the coal wagon had passed defendants' truck, Clark, the driver thereof, moving at from ten to twelve miles an hour, swung sharply to the left in order to clear the Ford car, which was then from ten to twelve feet away. At this time, without warning or intimation of his intention so to do, deceased straightened up, stepped to his left ·with his hand upon the fender of the car and stood directly in front of the approaching truck. Immediately upon seeing the deceased in this exposed position the driver of the truck, who had then slowed down to about eight or ten miles an hour, sounded his horn, shut off his engine, apparently applied his brakes, and turned sharply to the left to avoid injuring deceased, but the truck, traveling by gravity of its own momentum, struck deceased, and at the same moment stopped.

The above facts, relating to the accident, were testified to by a witness, who was driving his machine about fifteen feet behind the truck, and he was the only witness of the accident produced at the trial. Upon the conclusion of this testimony, plaintiff announced that these were all the facts to be offered. The trial court thereupon expressed the opinion that plaintiff had proved no negligence on the part of defendants, but that the act of deceased in stepping in front of the moving truck was the proximate cause of his death. Judgment followed for defendants.

[1] Under the facts stated we are asked to reverse the judgment. This we cannot do. It was shown that deceased left a position of safety and put himself directly in the path of the approaching truck. This evidence was sufficient to support the conclusion of the trial court. Under these circumstances no duty was imposed upon the driver of the truck to assume that deceased would suddenly expose himself to imminent peril. On the contrary, he had a right to conclude that he would not recklessly move directly in front of the approaching machine. (*Green* v. *Los Angeles Terminal Ry. Co.*, 143 Cal. 31, 44, [101 Am. St. Rep. 68, 76 Pac. 719] ; *Basham* v. *Southern Pacific Co.*, 176 Cal. 320, [168 Pac. 359].)

The facts further show that defendant Clark, after seeing deceased in a position of danger, used every proper care and precaution to avoid injuring him.

[2]  Appellant invokes the doctrine of *res ipsa loquitur* and claims that the facts as narrated make out a *prima facie* case of negligence, sufficient to shift the burden of proof. We cannot subscribe to this contention. In this state, negligence is not presumed from the mere fact of injury. Here no negligence on the part of defendants was shown nor can any be implied from the circumstances surrounding the accident. The doctrine invoked has no application in such a case.

The judgment is affirmed.

Lennon, J., Wilbur, J., Shaw, J., Olney, J., Lawlor, J., and Angellotti, C. J., concurred.

Rehearing denied.

All the Justices concurred.