[L. A. No. 7588. In Bank.—October 30, 1926.]

GEORGE WRIGHT, Respondent, v. THE BROADWAY DEPARTMENT STORE (a Corporation), Appellant.

[1] NEGLIGENCE—DEATH FROM AUTOMOBILE—EVIDENCE—IMPEACHMENT. In this action for damages for the death of a minor alleged to have occurred through the negligent operation of an automobile, it is held that certain testimony offered for impeachment of a witness who was the driver of the automobile was within the scope of the testimony of the latter and that the court did not err in admitting it.

[2] ID.—DEATH OF MINOR—ACTION BY PARENT—POVERTY AND ILL HEALTH OF PLAINTIFF.—In an action by a parent for the death

2. See 8 Cal. Jur. 898, 1036; 8 R. C. L. 863.

of his minor child, alleged to have resulted from the negligent operation of an automobile, evidence relating to the physical disabilities or ill health of the plaintiff is admissible, but evidence as to plaintiff's poverty is inadmissible.

[3] ID.—ERRONEOUS ADMISSION OF EVIDENCE—INSTRUCTIONS.—In such a case, the prejudicial effect of admitting evidence of the poverty of the plaintiff is not cured by an instruction, in effect, that in assessing damages the jury might take into consideration the parent's occupation and position in life and his deprivation of the child's society, comfort and protection, but that such elements could be considered only with a view of determining the pecuniary loss, present and prospective, resulting to the plaintiff.

(1) 40 Cyc., p. 2722, n. 23.   (2) 17 C. J., p. 1362, n. 37, p. 1364, n. 46.   (3) 4 C. J., p. 972, n. 70, p. 992, n. 39.

APPEAL from a judgment of the Superior Court of Los Angeles County. Thomas O. Toland, Judge. Reversed.

The facts are stated in the opinion of the court.

Kidd & Hardy, H. W. Kidd, John W. Hart, Gerald F. H. Delamer and Carroll C. Roberts for Appellant.

Robert G. Loucks and Abe L. Richman for Respondent.

THE COURT.—The following opinion, prepared by Mr. Presiding Justice Conrey of the district court of appeal of the second appellate district, division one, while sitting as a justice *pro tempore* of this court, is adopted as the opinion of the court:

This appeal comes before this court on rehearing after decision by the first district court of appeal, division two. The facts of the case were outlined in the opinion of that court as follows: "Plaintiff sued for damages for the death of his minor daughter, alleged to have been caused by the negligence of an employee of the defendant in the operation of one of defendant's auto delivery trucks. The cause was tried before a jury, which rendered a verdict in favor of the plaintiff in the sum of $10,000. Defendant's motion for a new trial was denied and from the judgment which followed the verdict it has appealed on the judgment-roll and bill of exceptions.

"The facts of the case are without material conflict. They are that as the defendant's employee, Stoops, was driving the auto truck northerly on Avenue 64 of the city of Los Angeles near the intersection of that avenue and Elgin street, he turned slightly to the right, planning to go easterly on Elgin street, but immediately found that he had mistaken the street and then turned to his left and proceeded across the intersection of these two streets. At that time another automobile was parked near the easterly curb of Avenue 64 at a point about 100 feet northerly from the northeast intersection of the streets. As the defendant's truck was at a point approximately ten feet south of the rear of this parked automobile the daughter of plaintiff suddenly ran from a point about three feet in front of the parked automobile directly across the path of defendant's truck which at that time was proceeding at a rate of about eighteen or twenty miles an hour. Defendant's employee suddenly turned his course to the left in an effort to avoid striking the girl. As the girl reached the middle of the street she hesitated slightly and altered her course. She was struck by some portion of the right side of the truck and the right rear wheel ran over her body, causing her death. The complaint charged negligence to the defendant in general terms, specifying merely the negligent and careless manner in which the truck was operated by defendant's employee at the time of the accident. The answer denied negligence on the part of the defendant and as a special defense set up contributory negligence on the part of the deceased child, as well as on the part of her parents.

"It appears that the plaintiff had six children, of which the deceased child was next to the youngest; that he was employed by the board of education of the city of Los Angeles at a monthly salary of $165 upon which he supported himself, his wife and the six children. The only item of special damage proved was for the funeral and burial expenses, amounting to $125. The deceased child was eight years and eight months of age at the time of her death. By reason of the provisions of the compulsory education act (Deering's General Laws, Act 7487, p. 3032) every minor between the age of eight and sixteen years is required to attend a full-time school and is not permitted to work for wages excepting under certain conditions specified in that

act applying to minors who are over the age of fourteen years. The deceased child would have reached her majority at the age of eighteen years, and, of course, during the time which she might be permitted to work and the time she would reach her majority her parents would be entitled to her earnings. These facts are all emphasized by the appellant in support of its claim that the verdict is excessive, it being the position of appellant that because of these facts the earning capacity of the deceased was pure guesswork on the part of the jury and that as there was no basis upon which this pecuniary loss to the respondent could have been determined, it follows, the appellant claims, that the award must have been dictated by the sympathies or prejudices of the jury.''

[1] Criticism is made by appellant of the action of the trial court in admitting the testimony of the witness Spaulding, which purported to be in impeachment of the witness Stoops, who was the driver of appellant's autotruck at the time of the accident. The testimony of which complaint is made is as follows: ''On or about the 9th or 10th of December, 1920, the second day I believe it was, it might have been the first day or during the first or second day I was on the wagon I had a conversation with Mr. Stoops about the injury and killing of Isabelle, the daughter of Mr. Wright, the plaintiff. He said, 'I killed a little girl last July on Avenue 64.' I asked him the circumstances of it and he said, 'I was going up Avenue 64 and I had my knees up this way, rolling a cigarette.' The witness' answer was as follows: 'and the damned little bitch ran out in front of me and I ran over her and killed her.' '' The court immediately struck out that part of the answer which characterized the child, but denied defendant's motion to strike out the other parts of the answer. The ground of the motion was that no foundation had been laid for this impeachment testimony, and that the questions which had been put by defendant to the witness Stoops on his cross-examination did not correspond to the impeaching testimony so given by Spaulding. It is true that there was a material difference between the testimony of Spaulding and the foundation which had been sought to be laid in the interrogation of Stoops by defendant's counsel, who asked Stoops if he had stated to Spaulding ''that as I approached approximately

the line in the southerly side of Elgin street at the intersection of. Avenue 64, that I was then and there making or rolling a cigarette, or that the steering wheel was guided by my knee.'' If there had been no further foundation for the above-stated testimony given by Spaulding, the court would have erred in overruling appellant's objections thereto. But there was a broader foundation, which had been established by the defendant. Following the cross-examination of Stoops in which he had denied the statement imputed to him ''that as I approached approximately the line in the southerly side of Elgin street,'' etc., the defendant re-examined Stoops and in the course of that re-examination Stoops said: ''I did not at any time state to Mr. Spaulding that my hair was turning gray on account of this accident, nor that just before this accident happened I was trying to steer with my knee or knees or was rolling a cigarette.'' The testimony given by Spaulding in impeachment of Stoops was within the scope of the testimony thus given by Stoops on re-examination. For this reason the court did not err in overruling defendant's objections to said testimony of Spaulding.

[2] Appellant contends that the trial court erred in permitting the plaintiff to introduce testimony tending to establish the poverty of the plaintiff, his bad financial condition and his poor health, and that all of this had the effect of greatly enhancing the amount of the verdict. It had been stipulated that the expectancy of life of the plaintiff was greater than the nine years and four months which would have elapsed before the deceased daughter would have reached her majority, plus such additional time as the daughter might be presumed to have rendered services to the plaintiff if she had lived. The court held that, regardless of the stipulation, evidence of the present physical condition of the plaintiff was material as evidence tending to determine ''the degree of his dependence.'' On this theory he was permitted to testify to certain facts tending to show ill health and physical disability, and was further allowed to testify that he had no property or money, and that his family was entirely dependent on his salary. The defendant made sufficient objections to this evidence at the time when it was offered. Afterward defendant moved to strike from the testimony of the plaintiff ''all of his

testimony on the subject of his pecuniary condition at the present time''; also, to strike out all the testimony relating to his earning capacity; also, to strike out the testimony ''relating to the physical infirmity, that is, his wooden leg. . . whatever it is, the artificial leg.'' These motions were made upon the ground that the evidence was incompetent, irrelevant and immaterial; and prejudicial in that it tended to inflame the minds of the jury and create sympathy for the plaintiff; and that none of these facts are proper elements or measure of damages in a case of this kind. Each of said motions was overruled. Apparently these motions and the rulings thereon were made in the absence of the jury.

The testimony relating to the physical disabilities or ill-health of the plaintiff was admissible. (*Simoneau* v. *Pac. Electric Ry.*, 159 Cal. 494, 504 [115 Pac. 320].) The testimony relating to plaintiff's poverty, that he had no property or money, was erroneously admitted. Such evidence is just as objectionable as would be evidence of defendant that the plaintiff was a rich man, or evidence of plaintiff that the defendant possessed great wealth. Such facts are unrelated to the cause of action. ''It seems to be the rule, supported by a long line of decisions in this state and elsewhere, that evidence of the plaintiff's poverty is inadmissible in an action to recover damages for personal injuries.'' (*Steinberger* v. *California Electric etc. Co.*, 176 Cal. 386, 389 [168 Pac. 570, 572].) The rule thus established has been applied not only in actions wherein the plaintiff sought to recover damages for injuries to himself, but also to actions brought by the heirs or personal representatives of a person (not being a minor) whose death has been caused by the wrongful act of another. There is no reason why the rule should not be equally applicable in an action like the present case, wherein, as permitted by the Code of Civil Procedure, section 376, the action is brought by a father on account of negligence of the defendant which resulted in the death of the plaintiff's minor child.

[3] Respondent contends that even if the court did err in admitting said evidence showing a condition of poverty of the plaintiff, the prejudicial quality of such evidence was neutralized by instructions 45 and 46 given by the court to the jury. The court instructed the jury that in assessing damages, while they might take into consideration

the parent's occupation and position in life, and the parent's deprivation of the child's society, comfort and protection, if such deprivation occurred, yet that these elements must be considered by the jury "only with a view of determining the pecuniary loss, present and prospective, thereby resulting to the plaintiff. The court can give you no more definite rule on this point other than to caution you not to attempt to estimate or allow for the pain and suffering of the parent from the bereavement, but only to consider the financial value of the loss, comfort, society and protection of the child." In the case of *Ensign* v. *Southern Pac. Co.,* 193 Cal. 311 [223 Pac. 953], the plaintiff, as administrator of the estate of one Peter Carmine, had recovered damages for the death of said deceased which resulted from negligence of the defendant. This court held that the trial court erred in allowing the plaintiff to introduce evidence concerning the embarrassed financial condition of Peter Carmine between the time of the injury and the time of his death, and evidence that consequently he was unable to take certain treatments. The question then arose whether this very serious error was cured by a general instruction given by the court to the jury to the effect that the pecuniary circumstances of the plaintiff or the heirs of the deceased could not increase or diminish the amount of damages which the plaintiff was entitled to recover, if entitled to recover at all. In determining the question this court said: "It cannot be said that by reason of the general instruction the minds of the jury recurred to this particular evidence and eliminated it from consideration. Where the element of sympathy enters into a case, the difficulty is that it is as likely to result in the giving of a verdict against the evidence of nonliability as it is to increase the verdict where a liability exists. Sympathy permeates the whole case and introduces an irrelevant factor which may result not only in the giving of an excessive verdict but a verdict where none would otherwise be given." (*Ensign* v. *Southern Pac. Co.,* 193 Cal. 311, 322 [223 Pac. 953, 957].)

In the case now before us, the error of the court in the admission of evidence contributed to a miscarriage of justice, not only because the wrongfully admitted evidence probably affected the amount of damages awarded, but also

because the evidence relating to the alleged negligence of defendant was so evenly balanced, that in the absence of evidence improperly admitted, and which appealed to the sympathy of the jury, a contrary verdict might have been rendered.

The judgment is reversed.

Rehearing denied.