[Civ. No. 68. Fourth Appellate District.—September 11, 1930.]

CAROLYN BALDWIN CONNER, a Minor, etc., Respondent, v. ELMER L. HENDERSON et al., Appellants.

238

Sweet & Plank, Joe Crider, Jr., and Elber H. Tilson for Appellants.

H. V. Richardson and A. T. Johnson for Respondent.

CARY, P. J.—Plaintiff brought this action through her guardian *ad litem* to recover damages for injuries received from being struck by an automobile driven by one of the defendants, who was a chauffeur in the employ of the other two. The answer, in addition to denying negligence, pleaded contributory negligence and that the accident was unavoidable.

The court, sitting without a jury, made findings supporting the allegations of the complaint and negativing the defenses of contributory negligence and unavoidable accident and gave judgment for plaintiff for six thousand dollars.

Appellants present two points in their brief, first, that the evidence fails to show negligence on the part of defendants, but even if it does, it further shows that the negligence of plaintiff contributed proximately to the accident, and, second, that the amount of the judgment is grossly disproportionate to any compensation warranted by the facts.

There is a sharp conflict in the testimony regarding the accident, but certain facts may be regarded as undisputed. These follow. Fort Stockton Drive in the city of San Diego runs east and west. Jackdaw Street runs north and south across Fort Stockton Drive. The district is closely built up. On the day in question plaintiff, a girl aged six years two months and eleven days, was walking north on the west side of Jackdaw Street toward Fort Stockton Drive on her way home from school. With her was her sister, some two years older. The defendants Elmer and Julia Henderson were the owners of a Cadillac sedan, equipped with four-wheel brakes. Defendant Helga Jensen, employed as maid and chauffeur by the Hendersons, was driving this car west on Fort Stockton Drive, with Mrs. Henderson seated on her right. Defendants were familiar with the intersection of Fort Stockton Drive and Jackdaw Street and had driven past it many times. Defendant Helga Jensen knew there was a school close by, had seen children at the intersection before and knew that it was a dangerous place. When plaintiff and her sister arrived at Fort Stockton Drive the sister proceeded north across it. Plaintiff, however, stopped, allowing an east-bound vehicle to pass, looked in both directions for approaching automobiles and then started to run across Fort Stockton Drive, accompanied by several other girls about her own age. As she got fairly close to the north side of Fort Stockton Drive she was struck by defendants' automobile and suffered the injuries complained of.

As to just how the accident came about the evidence is in conflict. According to the version of plaintiff's witnesses there was nothing to prevent defendants from seeing plaintiff; defendant Helga Jensen was not looking in the direction her machine was traveling, but instead was looking to her right up Jackdaw Street. She drove the car through the intersection at not less than twenty-five miles an hour without slackening her speed and ran her machine into the little girl without even seeing her until just at the moment of contact.

Viewed from the standpoint of the defendants' witnesses defendants' car approached the intersection at not to exceed fifteen miles an hour and slowed down still more while crossing the intersection, the driver's view was obstructed

by a sedan going north on Jackdaw Street, which crossed directly in front of it and further obstructed by a truck going east on Fort Stockton Drive, which hid plaintiff until the very moment of the accident when plaintiff darted out from behind the truck directly in the path of defendants' car, veered to her left in attempting to escape it and was struck at a point some eight feet west of the pedestrian lane.

The case presents a clear conflict in the evidence. Viewed from the standpoint of plaintiff's witnesses, the negligence of defendants was unquestioned. Viewed from the standpoint of defendants' witnesses, the plaintiff by her actions in suddenly darting from behind the truck directly into the path of the oncoming machine rendered the accident unavoidable and gave defendants no opportunity to avert the injury. The case presents another one of those situations so aptly described in *Moeller* v. *Packard*, 86 Cal. App. 459, at 465 [261 Pac. 315, 318], where we find the following language: "To the contrary, it has been found to be one of those cases with which the reviewing courts have oft times been confronted and as to which they have been compelled to hold that the evidence, upon its face, was sufficient to support a verdict or finding either for or against the party complained of." Appellant relies strongly on *Todd* v. *Orcutt*, 42 Cal. App. 687 [183 Pac. 963], *Moeller* v. *Packard, supra, Depons* v. *Ariss*, 182 Cal. 485 [188 Pac. 797], and *Leal* v. *Martin*, 59 Cal. App. 760 [211 Pac. 853]. But an examination of these cases reveals that in each the appellate court was reviewing the trial court's judgment in favor of defendant and merely held in each instance that the question of contributory negligence was primarily one for the determination of the trial court or the jury and that under the facts as revealed it could not be said as a matter of law that the conclusion reached in the lower court was erroneous. In *Wright* v. *Broadway Department Store*, 199 Cal. 562 [250 Pac. 572], cited by appellants, the case was reversed because of the improper admission of evidence and not because of any holding that plaintiff was guilty of contributory negligence as a matter of law. Furthermore, the youth of plaintiff would, in itself, necessitate an extremely clear showing before justifying this court in holding that she was guilty of contributory negligence as a matter of law. (*Hoy* v. *Tornich*, 199

Cal. 545, 551 [250 Pac. 565]; *Seperman* v. *Lyon Fire Proof Storage Co.*, 97 Cal. App. 654, 658 [275 Pac. 980]; *Gonzales* v. *Davis*, 197 Cal. 256, 260 [240 Pac. 16]; *Varcoe* v. *Lee*, 180 Cal. 338, 340, 341 [181 Pac. 223].) Under the well-established rule, there being substantial evidence to support the decision of the trial court on the issues of both negligence and contributory negligence, this court is bound by the findings of that court.

 Regarding appellant's contention that the judgment is excessive, the evidence regarding the injuries reveals the following: A fracture of the left scapula; a tear of the joint between the collar-bone and the shoulder blade; a "torn lacerated wound of the left arm. This wound extended from the shoulder almost to the elbow, the skin being torn completely loose from the underlying tissue, excepting a space about an inch wide on the inside. There was a sort of cuff that was pulled down almost to the elbow, excepting an inch on the inside that was stuck"; one tooth was knocked out; the mucus membrane of the gums was completely separated for an inch, exposing the roof of the mouth; there was a contused lacerated wound on the inside of the lower lip, both wounds in the mouth requiring the taking of stitches; a bruise low down on her spine and numerous other bruises; for three days and nights immediately after the accident plaintiff was constantly throwing up blood and was suffering excruciating pain; in a few days a serious infection developed in the wound in the arm, necessitating six additional openings below to let the pus out; the broken shoulder blade had to be lifted every time this infection was dressed; plaintiff was confined to the hospital for five weeks; a serious infection like little boils developed in various parts of her body, continuing over a period of a number of months after the original infection; a good part of the time she was in the hospital her condition was such that she had both a day and a night nurse; she remained very weak for three months after the accident; plaintiff had been under the care of a physician from the time of the accident up to the time of trial—a period of approximately one year and three months; before the accident plaintiff was playful and had a good disposition; since then she is fidgety and does not sleep well, frequently cries if people look at her; cannot play

games at school; complains frequently of her back and apparently seems to have no feeling in her chin. or face; she has a slight loss of tissue in the deltoid muscle due to the secondary infection; has a permanent large ugly scar at the top of her arm and four or five other scars on her arm lower down; a defect in her posture due to holding her arm up while it hurt her; plaintiff is very sensitive regarding the looks of the scar; she is quite nervous; the injuries produced a severe shock "which could be permanent."

In support of their contention that six thousand dollars was grossly excessive as compensation for the injuries sustained, appellants cite several cases which, with a single exception, are from states other than our own and which were decided from ten to twenty-two years ago. As said in *O'Meara* v. *Haiden,* 204 Cal. 354, 366–368 [60 A. L. R. 1381, 268 Pac. 334], the diminished purchasing power of the dollar renders such cases of little real aid in measuring the justness of present-day awards. In the single California case cited by appellants on the question of excessive damages, *Davis* v. *Renton,* 99 Cal. App. 264 [278 Pac. 442], an award of five thousand dollars was held excessive. In that case plaintiff suffered a concussion of the brain which merely caused her momentary unconsciousness and some loss of memory, received a nose-bleed, a broken left thumb with fifty per cent permanent loss of motion and some external bruises. She went to the hospital, but was able to be taken home the same day and in four days was well enough to go to the doctor's office. Obviously, her injuries were not to be compared with those suffered by the plaintiff in the case at bar.

█ ▪ The rule by which this court should be guided in considering whether or not damages are excessive is well settled.

"Unless we are able to say that the award of damages made by the jury and sustained by the trial court was so grossly disproportionate to any compensation reasonably warranted by the facts as presented to us on appeal as to shock the sense of justice and raise at once a presumption that it was the result of passion, prejudice or corruption rather than an honest and *sober judgment, this court may*

*not exercise the power of revision." (Kelley* v. *Hodge Transp. Co.,* 97 Cal. 598, 610 [242 Pac. 76, 81].)

*Chappell* v. *San Diego & Arizona Railway,* 201 Cal. 560, 568 [278 Pac. 73] ; *Szasz* v. *Joyland Co.,* 84 Cal. App. 259, 264 [257 Pac. 871] ; *Putnam* v. *Pickwick Stages,* 98 Cal. App. 268, 275, 276 [276 Pac. 1055] ; *Horn* v. *Yellow Cab Co.,* 88 Cal. App. 678, 681 [263 Pac. 1025]. In the foregoing cases the court had under consideration verdicts of juries, but the same rule applies where findings of a trial court are under review. (*Martin* v. *Shea,* 182 Cal. 130, 140 [140 Pac. 23].) In the case now before us the court itself assessed the damages. Furthermore, on a motion for a new trial it refused to reduce the amount. While the judgment is liberal, yet it is by no means so liberal as to shock the sense of justice and to raise a presumption that it was the result of passion or prejudice.

The judgment is affirmed.

Barnard, J., and Haines, J., *pro tem.,* concurred.