[Civ. No. 7547.   First Appellate District, Division Two.—April 15, 1931.]

FRANK MORTON et al., Appellants, v. E. G. HINDS et al., Respondents.

Vincent Hallinan and James J. Roach for Appellants.

Daniel W. Burbank, C. F. Laumeister, William M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Respondents.

STURTEVANT, J.—The plaintiffs, husband and wife, commenced an action to recover damages for personal injuries alleged to have been caused by the defendants. The defendants answered and a trial was had before the trial court sitting with a jury. At the end of the plaintiffs' case the defendants made a motion for a nonsuit. The motion was granted and the plaintiffs have appealed under section 953a of the Code of Civil Procedure.

The defendant E. G. Hinds was the proprietor of a garage at Redwood City, and the defendant Bruce Young was a mechanic employed by his co-defendant. On the twenty-fourth day of July, 1928, Mrs. Morton was driving a Dodge sedan south toward Redwood City. Before reaching that place the right-hand rear tire was punctured. She drove the car up to and parallel with the curb on the west side and stopped. Later she took out of the car her own jack and proceeded to jack up the wheel on which was the punctured tire. Having raised the tire free of the ground she set the emergency brake, locked the car, left her small baby on the back seat, and went forward to Hinds' garage. At that place the defendant Bruce Young joined her and they returned to the plaintiff's car for the purpose of taking off the punctured tire, wheel and all, and putting on the extra wheel which the plaintiff was carrying on her car. The plaintiff stood on the sidewalk and Young proceeded to do the work. While he was so working he called to her, as she alleged in her complaint, to grab the brake and hold the car from shifting off the jack. She approached the western rear door of the car, opened it, and, as it swung back, she reached inside. As she did so she heard a "rattle" and at the same moment the car tipped to the west and to the rear and the superstructure hit Mrs. Morton on the head. The plaintiff claims that the defendant

Young was guilty of negligence. She specifies certain items. (1) She alleges: ". . . That he failed to observe at the time he directed plaintiff to reach into said car and set said brake whether or not the said car was firmly reposing upon said jack or would probably fall from the same and injure plaintiff. . . . " There is no evidence that Young directed plaintiff to reach into said car, and in particular there is no evidence that he directed her to reach in the particular door which she opened and reached into. There is no evidence that Young failed to observe whether or not the said car was firmly reposing upon said jack or would probably fall from the same and injure plaintiff. But, on the other hand, the evidence was to the effect that the plaintiff herself set the jack and that she did so with care, and furthermore, that Young observed how she had done it and stated that she had performed the act properly. (2) The plaintiff alleged "that said defendant was further negligent in failing to properly set said brake himself and in directing plaintiff to do so". The plaintiff testified that she set the brake and did so with much care because she was leaving her baby on the back seat. There was no evidence that Young even touched the emergency brake. (3) The plaintiff alleged "that said defendant was further careless and negligent in neglecting to observe the condition and surface of the roadway on which said jack and said automobile rested and to determine whether or not it was safe for plaintiff to reach into said automobile as aforesaid and whether or not said automobile would probably fall from said jack". This assignment, it will be noted, is practically a repetition of the first one and we make the same comment. (4) The plaintiff alleged "that in endeavoring to remove said tire he pulled and moved said automobile almost off of said jack and caused the same to remain upon said jack in so precarious and unstable a condition that the same fell when plaintiff reached into said automobile". There was no evidence at all to the effect that Young jolted or moved said automobile to any extent whatsoever. (5) It was further alleged "that said plaintiff was unfamiliar with the proper method and usage of said jack and the removal of said tire and with the possibility of said automobile falling therefrom". The evidence was all one way that said plaintiff was quite familiar with

the usage of said jack and had on other occasions removed and replaced wheels. As to the possibility of said automobile falling we have hereinabove set forth some of the facts. In addition thereto it should be noted that the record discloses that the surface of the street under the wheel and jack had a decided slant toward the gutter. These transactions were taking place in broad daylight and there was no evidence that Mrs. Morton did not have good eyesight. (6) Finally, it was alleged ''that said defendant was well acquainted with such matters and known by plaintiff to be so and was held out by the defendant E. G. Hinds as competent to properly manage such matters and to properly care for the removal of such tires''. There was no evidence that the defendant Young was not well acquainted with such matters or that he was otherwise than competent or that he acted in any particular other than to exercise ordinary care.

The plaintiff testified that as she approached the side of the car and opened the door she could not see the movements of Young—her view was obscured by the overhang of the car. There was no evidence that Young could or did see her movements.

The fact that an accident happened raises no presumption that the defendants or either of them were negligent.

According to the written statement made by Young shortly after the accident and the testimony of the plaintiff the jack was properly placed by the plaintiff and the car was properly jacked up off the ground. It could not legitimately be inferred that the rattling noise which the plaintiff heard as she reached into the car was caused by Young jacking the car either up or down, and then, basing the inference on that inference, further infer that the additional jacking caused the car to topple over, and then to further infer that the additional jacking was not done in the exercise of ordinary care. On the other hand, from the fact that the car toppled over it may be inferred (1) that the jack was not fit for the purpose for which it was being used; or (2) that it was not properly placed; or (3) that the ground was so sidling that the weight of the car overbalanced the jack; or (4) that the brakes were not secure and the car moved off the jack.

The defendant, Hinds, and his servant, Young, were bound to exercise ordinary care not to injure the plaintiff

or her property (45 C. J. 883). When Young asked plaintiff to stay the brake, she was not bound to do so. If she attempted to comply, any dangers that existed were as obvious to her as to Young and no duty rested on him to warn her thereof (45 C. J. 868). In complying with his request there were several possible methods in which it could be done with entire safety to her. She selected a method which was fraught with danger. The defendants were not responsible for her error in judgment.

True it is that the rule governing a trial court in passing on a motion for a nonsuit at the end of the plaintiff's case is much limited (*Burr* v. *United Railroads*, 163 Cal. 663, 665 [126 Pac. 873]); but, be that as it may, we think the plaintiff may not complain because in the instant case the order was granted.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 15, 1931.