[Civ. No. 1350.  Fourth Appellate District.—December 14, 1934.]

PETE ZULIM, a Minor, etc., Appellant, v. W. H. VAN NESS et al., Respondents.

B. M. Benson and Cecil E. Edgar for Appellant.

Ray W. Hays for Respondents.

JENNINGS, J.—The plaintiff, a minor, through his guardian *ad litem*, instituted this action to recover damages for personal injuries alleged to have been caused by the negligence of the defendants. After the plaintiff had concluded the presentation of his case and had rested, defendants moved the court for a nonsuit. This motion was denied. The defendants then produced the testimony of one witness and rested their case. Thereupon, the defendants moved the court to direct the jury that they should return a verdict in favor of the defendants. This motion was also denied by the court. The jury was then instructed by the court and the cause was submitted to that body for its determination. A verdict was duly returned in favor of both defendants and a judgment in their favor was thereupon rendered in accordance with the verdict. The plaintiff thereafter moved the trial court for a new trial which was denied. Plaintiff has prosecuted this appeal from the judgment.

Appellant does not complain that the trial court erred in any of its rulings made with respect to the admission of evidence or that the court in any respect misinstructed the jury as to the law. The sole contention which is here urged as a reason for the reversal of the judgment is that the facts and circumstances surrounding the accident which resulted in appellant's injuries as the same were developed by the evidence adduced during the trial conclusively demonstrate that the verdict of the jury is lacking in evidentiary support. Proper consideration of this contention requires a statement of the facts which were established by the evidence.

On October 12, 1933, at approximately 6 P. M. appellant, a child seven years of age, arrived on foot at the southeast corner of the intersection of Plumas Avenue and White's

Bridge road in the city of Fresno. Appellant was accompanied by his sister Jennie, who was thirteen years of age, and by another sister and brother, whose ages do not appear. When the children had come to the intersection of the above-mentioned streets, Jennie Zulim told the other members of the party to remain at the southeast corner until she returned. Jennie then crossed over White's Bridge road to the northeast corner of the intersection for the purpose of visiting a grocery store which was located on the northeast corner. As she passed across the street she did not observe any automobiles approaching the intersection from the east. During Jennie's absence the accident which caused appellant's injuries occurred. The direct cause of appellant's injuries appears to have been that the right rear wheel of an automobile passed over appellant's body. This automobile was owned and operated by the respondent Van Ness, who was employed by respondent, Union Oil Company of California. The testimony of Van Ness as to the occurrence of the accident was in no respect contradicted. He testified that he was en route to his home after leaving the office of his employer in the city of Fresno; that he approached the intersection at approximately 6 P. M. of the above-mentioned date; that it was then growing dark and the lights on his automobile had been turned on; that he approached the intersection at a speed of "probably 20 miles an hour"; that he retarded the speed of his automobile as he entered the intersection and proceeded through it at the rate of approximately 15 miles per hour; that he was looking in the direction in which his automobile was traveling and saw no one in the intersection as he passed into it; that he heard an exclamation and immediately afterward felt that the right rear wheel of the automobile had passed over something; that he brought his car to a stop and alighted from it and then discovered appellant lying in the street near the center of the intersection.

Appellant's contention appears to be that it is the duty of the driver of an automobile to anticipate the presence of pedestrians on the highway; that respondent, Van Ness, failed in the performance of his duty; that his failure in this regard resulted in the happening of the accident and appellant's resulting injuries; that the evidence entirely failed to indicate that appellant was guilty of any negligence

which contributed in any degree to the occurrence of the accident. The conclusion of this line of reasoning is that the verdict in favor of respondents was therefore not warranted by the evidence and that the judgment which was rendered in accordance with the verdict must be reversed.

There are certain fundamental legal principles which are applicable to an action of this character which are so firmly established as to require no citation of authorities in their support. This is an action which is based on the alleged negligence of the respondent Van Ness. Since appellant was attempting to fasten liability for his injuries upon Van Ness it was incumbent upon him to establish the negligence of Van Ness by a preponderance of the evidence. (*Tower* v. *Humboldt Transit Co.,* 176 Cal. 602, 606 [169 Pac. 227].) The question of negligence in a case of this character is a question of fact to be determined by the triers of fact. This question was submitted to the jury under the court's instructions as to which there is here no complaint. The jury found that the respondent Van Ness was not negligent. This determination would appear to be decisive of the present appeal.

In view of the above-mentioned simple legal principles, appellant is forced to the following contention: The very fact that appellant, a pedestrian, was run over, was alone sufficient to convict Van Ness of a breach of the duty to anticipate the presence of pedestrians on the highway and the failure of Van Ness to perform this duty constituted negligence. This argument in the final analysis amounts to a contention that the circumstances surrounding the accident show that Van Ness was guilty of negligence as a matter of law. However, if this contention is here to prevail and the jury's verdict absolving Van Ness from negligence is to be disregarded, it is necessary for a reviewing court to declare that from the uncontradicted facts a reasonable person could draw but one inference, namely, an inference that Van Ness was guilty of negligence in the operation of his automobile at the time and place of the accident. The only fact which would lend any support to such a conclusion is that appellant was run over by the automobile which was then being operated by Van Ness. But here again a fundamental principle of the law of negligence presents an obstacle which cannot be overcome. This principle is stated

in 19 California Jurisprudence at page 707, in the following language: "Negligence upon the part of a defendant is not presumed from the mere happening of an accident." (See, also, *Morton* v. *Hinds*, 113 Cal. App. 437, 440 [298 Pac. 160]; *Zohner* v. *Sierra Nevada L. & C. Co.*, 114 Cal. App. 85, 90 [299 Pac. 749].) ■ The doctrine of *res ipsa loquitur* is not applicable to the situation which is here presented and even if it were it would still be a question for the fact triers to determine whether the testimony of respondent, Van Ness, was sufficient to rebut the inference of negligence which the happening of the accident created. It is our conclusion that the evidentiary facts presented by the record herein are not sufficient to convict the respondent Van Ness of negligence as a matter of law and that this court is not therefore warranted in disregarding the verdict of the jury. ■ Liability was sought to be imposed upon the respondent, Union Oil Company of California, solely by reason of the fact that Van Ness was an employee of the company and was engaged in the scope of his employment at the time of the accident. A determination that the jury's verdict absolving Van Ness from negligence may not be disregarded necessarily impels the conclusion that the verdict in favor of respondent Union Oil Company of California may not be disturbed.

The judgment is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 12, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 11, 1935.