## EDGAR BISPING v. KUMMER AUTO COMPANY AND ANOTHER.[1]

January 21, 1938.

No. 31,413.

[1]Reported in 277 N. W. 255.

20

Sweet, Johnson & Sands and Burton R. Sawyer, for appellants.
Thomas H. Quinn and G. P. Mahoney, for respondent.

HOLT, JUSTICE.

The appeal is from an order denying defendants' motion in the alternative for judgment notwithstanding the verdict or a new trial. The defendant corporation conducts a public garage in the city of Faribault, and defendant Barta is one of its mechanics. Late in the afternoon of February 25, 1936, plaintiff took his Plymouth 1932 sedan to the garage to have the clutch adjusted. Defendant Barta undertook the work. The floor was wet, so the car was placed on the hydraulic hoist and elevated five or six feet from the floor. In that position the job could not be finished, so the hoist was lowered. At this point plaintiff's and Barta's testimony clash. Plaintiff says the hoist was stopped when the car was within two and one-half feet of the floor, and Barta told him to enter the car and "work" the clutch; that thereupon plaintiff opened the left front door, which swung forward, placed his left hand upon the lowered window of the door and the right hand around the middle post to pull himself up onto the running board, and, as he made the effort, the car tipped over, his right leg being fractured by the upper edge of the top as it struck the floor. Defendant Barta says that he did not stop the hoist; that it was moving downward when he noticed the attempt of plaintiff to climb in and the car tipping; that at that moment he dropped the control lever of the hoist and sprang to plaintiff's aid; that the dropping of the control lever

automatically stops the hoist; that he never asked plaintiff at any time to enter a car elevated on the hoist, for he knew it to be dangerous. The complaint alleged that the car was negligently placed in an unbalanced position upon the hoist and that when so placed plaintiff was requested to enter, defendants well knowing that it was dangerous so to do, of which danger plaintiff was ignorant. Each defendant denied negligence and averred plaintiff's contributory negligence and assumption of the risk. There was a verdict for plaintiff, the amount of which is not questioned.

Error is assigned as to rulings permitting plaintiff to testify that, some three weeks prior to this accident, when the brakes on this car were "bled," he, at Barta's request, safely entered the car, hoisted about two and one-half feet from the floor on the same hoist, to work the brakes. It is somewhat difficult to see what the object was to offer this testimony at the time it was introduced, unless to have the jury draw the inference that there was negligence in not properly placing the car on the hoist on the occasion of the accident. This testimony of the prior event furnished defendants an opportunity for strong impeachment by not only Barta but by the records of the garage that the brakes of plaintiff's car had not been adjusted prior to the accident. This impeachment was likely to discredit the plaintiff's testimony upon the more important occurrences causing the accident. However, the evidence objected to was as to a collateral matter or to a prior similar occurrence, 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934, 1937) §§ 3252, 3253. Such evidence comes well within the rule allowing the trial court a large discretion in admitting evidence of collateral or similar matters to the issues on trial, as an aid to the jury, where, as to such issues, the oral testimony is in irreconcilable conflict. The former experience of plaintiff has also some bearing on the issue of contributory negligence. The cases of Glassberg v. Olson, 89 Minn. 195, 94 N. W. 554; Thomsen v. Union Loan & Finance Co. 198 Minn. 137, 269 N. W. 109, may be cited as supporting the rulings.

Another assignment of error is directed to the exclusion of testimony that the rules and instructions of the defendant corporation directed Barta and the other mechanics to strictly prohibit anyone

from entering a car when elevated any distance on this hoist. This evidence was objected to as not binding or affecting plaintiff, he having no knowledge of any such rules or instructions and, therefore, as to him mere hearsay. The objections were obviously correctly sustained. We find no argument in the defendants' brief attacking the ruling, and so perhaps we should deem the assignment abandoned.

Defendants earnestly contend that the verdict is not supported by the evidence, hence it was error to deny their motions for a directed verdict and for judgment *non obstante*. In so contending the claim is that no actionable negligence of defendants was proved; and, even if proved, plaintiff's contributory negligence appears as a matter of law to defeat recovery. Barta was the servant of defendant corporation, and it is liable if plaintiff's injury resulted from Barta's negligence. It appears that this hoist was a standard machine made by the Wayne Company of Indiana. No attempt will be made accurately to describe it. This must suffice: Two steel I-beams, 14 feet 2 inches long, are bolted in the middle to a 12-inch round pillar, sunk in a round tube in the cement floor of the garage. The upper and lower surfaces of these beams are flat and five inches wide. The beams are bent toward each other so that the flat surface from outside edge to outside edge where bolted to the top of the pillar is 19 inches. The bend is such that the beams run parallel for about three or four feet at either end and measure $31\frac{1}{2}$ inches from the outside edge of one to the outside edge of the other. On top of these I-beams are two racks of smaller steel beams, which slide back and forth upon the two first mentioned I-beams, bolted to the pillar. The testimony is not clear as to the width of these racks; but, judging from an exhibit (a picture of the hoist), they are from 10 to 20 inches wide. The one at the rear end is fastened together with two bars apparently 20 to 24 inches apart and equipped with a roller on the inside so that, when raised against the car, the differential housing will drop in and the rollers will center the rear end of the car midway between these supports. Plaintiff's sedan did not have knee-action front wheels, and so there were U-shaped contrivances on the front sliding rack to receive the

front axle. These supports were 22 inches apart from center to center. So the stability of the front of the car and, for that matter, the whole car, depended upon a plane, at most, 24 inches in width. That is, if the car was properly adjusted on the hoist its only support and stability were the bars of the small racks which encountered the front and rear axles at a point about 12 inches on either side of the center line of the car. From the fact that this car tipped over onto the floor it is evident that the large I-beam did not serve to prevent its tipping. This hoist was installed in this garage so that when the front end thereof faced the north wall, the control lever fixture was about six feet from the front end of the rack. The car to be placed on the hoist was driven in from the south end toward the north wall so as to center the pillar, the wheels equidistant from the large I-beams front and rear. Then the front and rear sliding racks were adjusted so as to receive the axles properly. From the testimony the jury could find that Barta drove the car over the hoist, adjusted it thereon, raised it on the hoist to a height of five or six feet above the floor, adjusted the clutch as much as could be done in that position, then lowered it to about two and one-half feet from the floor, asked plaintiff to enter the car to work the clutch; and that plaintiff attempted to so do, with the result stated. The jury could also find that Barta knew it was dangerous to enter a car so elevated, also that plaintiff was ignorant of such danger. In that situation it seems reasonable to conclude that Barta, possessing such knowledge, was guilty of negligence in requesting plaintiff to enter. The jury might also infer negligent adjustment of the car upon the hoist, if the story of entering the same on the prior occasion to work the brakes was found true. We are satisfied that the issue of defendants' negligence was for the jury, and that the evidence sustains the verdict on that proposition.

Plaintiff's contributory negligence and assumption of risk were clearly for the jury. If an experienced mechanic gives a direction to the owner of a car, who is present when it is being repaired or adjusted, to operate a certain mechanism usually operated by the driver, the ordinarily prudent owner would comply without hesi-

tancy, unless the danger incurred would be apparent. Plaintiff's testimony was not disputed that he took no notice as to how the car was secured or adjusted upon the hoist. Even if he stood beside Barta when the latter worked at the clutch, when the car was five or six feet from the floor, it was open to the jury to conclude that he did not discover how the car was secured from tipping. The case of Guild v. Miller, 199 Minn. 141, 271 N. W. 332, is somewhat in point on the issue of contributory negligence and assumption of risk of this plaintiff. Defendants cite three hydraulic hoist cases; but none is in point, for each involved stepping off a car or hoist when elevated, the person so stepping off being so engaged in brushing out or cleaning the car that he had not noticed that its position had been changed. In two, defendants prevailed on demurrer or a directed verdict. In the third, Ray v. Pan American Petroleum Corp. 40 Ga. App. 50, 148 S. E. 669, a judgment of dismissal was reversed, the appellate court holding that the defendants' negligence, as well as the contributory negligence of plaintiff, was for the jury. Morton v. Hinds, 113 Cal. App. 437, 298 P. 160, is also cited. The plaintiff, a woman, had a flat tire and parked the car along a sidewalk; she placed a jack and raised the wheel, and a repairman, called to remove the tire, requested her, standing on the sidewalk, to set the brakes. Instead of entering the car for that purpose, she reached in through the window of the door to pull the brake lever, the car moved off the jack, and she was injured. It was held that she was as conversant with the danger connected with the attempt to set the brakes in that manner as was the repairman, and his principal was not responsible for her error of judgment. We do not regard the situation in that case at all like the one in the case at bar.

Error is assigned upon a part of the court's charge which relates to the claims of negligence made by plaintiff, particularly in including that of placing the car on the hoist in an unbalanced position. The court did not state that any of the claims so made had been proved. It was a mere recital of the claims of the litigants. And even if the instruction was importing more than a reference to the pleading, we think there was some evidence from which the

jury could conclude that there had been a failure to adjust it properly on the hoist. From what Rinde, a witness for defendant, testified he observed of plaintiff stepping backward on the floor with his hands against the top of the tipping car, the reasonable inference would seem to be that the car was more unstable than would be the case had it been placed evenly upon a 24-inch base. But, however that may be, we see nothing prejudicial to defendants in the instruction objected to.

During the trial a juror visited the garage and observed the hoist. There is a dispute in the affidavits as to its being operated. The court could find that the president of the defendant corporation knew of this visit, but defendants' counsel did not. This misconduct is urged as ground for a new trial. Koehler v. Cleary, 23 Minn. 325; Woodbury v. City of Anoka, 52 Minn. 329, 54 N. W. 187, and Newton v. Minneapolis St. Ry. Co. 186 Minn. 439, 243 N. W. 684, are cited by defendants, and Thoreson v. Quinn, 126 Minn. 48, 147 N. W. 716 and Gunderson v. Minneapolis St. Ry. Co. 126 Minn. 168, 148 N. W. 61, by plaintiff. The affidavits in the present case permitted the court to come to the same conclusion as did the court in the two cases last cited. The action of the court below is, under the facts here appearing, justified by Newton v. Minneapolis St. Ry. Co. 186 Minn. 439, 243 N. W. 684. It is not necessary to stress the knowledge one of the defendants had of the juror's transgression, before the trial ended, without disclosing it to the court or then asking that a mistrial be declared.

The order is affirmed.