[L. A. No. 17864.   In Bank.—June 25, 1941.]

LLOYD W. GATES, a Minor, et al., Respondents, v. MELVIN E. McKINNON, Appellant.

Kenneth J. Murphy and Henry E. Kappler for Appellant.

John L. Flynn and Roger Arnebergh for Respondents.

CARTER, J.—Plaintiff, a minor of seven years of age, and his father, also a plaintiff, recovered judgment for damages against defendant arising out of personal injuries suffered by the minor when struck by an automobile being driven by defendant. The action was tried before the court without a jury. The court found that the defendant was negligent and that such negligence was the proximate cause of the injuries suffered by the minor.

The sole issue presented on this appeal from that judgment, according to defendant's contention, is whether or not the evidence is sufficient to support that finding.

In considering that question it must be kept in mind that if there is any substantial evidence supporting the judgment it must be affirmed, that all reasonable inferences supporting the judgment must be given effect, and that with conflicts in the evidence, this court is not concerned. Viewing the evidence in the light of that rule, the facts are as follows:

The accident occurred July 23, 1939, in the daytime, the weather being clear, on a street known as Appian Way in Santa Monica, California. Appian Way is a surfaced street running north and south, being thirty feet in width from curb to curb. The sidewalk adjoining the east curb of the street is five feet in width. There is no park area between the sidewalk and the street. Buildings are located along the east side of the sidewalk, and the bottom step of a stairway leading down from the roof of one of those buildings to the sidewalk is two feet eight inches from the east edge of the sidewalk. The stairway is ten feet wide. South of the stairway there is a concrete wall six feet high extending along the east edge of the sidewalk. The stairway accommodates persons living in apartments on the east side of Appian Way. It is also used to reach a passage way extending to the street lying east of Appian Way, and it is commonly used by persons traveling east or west at this point. The ocean lies west of Appian Way and is visible to one looking west when proceeding north along Appian Way. Just prior to the accident some children were playing with a ball on the roof near where the stairway descended. In order to retrieve the ball which

had gone out on the street, plaintiff minor, at the request of one of the boys playing with the ball, ran down the stairway, crossed the sidewalk in a stooping or crawling position, apparently stumbling at the bottom step, and proceeded to about 3 feet east of the center of the street directly west of the stairway where he was struck by the left front wheel and left end of the bumper on defendant's car. Just prior to the accident defendant was driving his car, a 1935 Packard Sedan, equipped with four wheel brakes, in a northerly direction on Appian Way and at the time his car struck plaintiff it was to the right of the center of the street. Five people were riding with him, two in the front seat besides the defendant and three in the rear. An automobile was proceeding in the same direction as defendant, about sixty feet ahead of him. There were no cars parked on either side of the street in the vicinity of the scene of the accident. A car was proceeding south on the street and was about even with defendant's car when the minor was struck. Another car was also proceeding south immediately in the rear of the last-mentioned car. There is evidence that immediately prior to the accident, defendant was looking west toward the ocean. Defendant testified that he was looking straight ahead. The evidence adduced by defendant was to the effect that he did not see the minor before the collision; and that he first knew of his presence when he felt the car strike something; that he was traveling 15 miles per hour; and that his car was stopped one to two car lengths beyond the point of impact; that defendant's car was five to ten feet south of the stairway when plaintiff minor left the west edge of the sidewalk, and that the minor darted from the sidewalk in a falling and stooping position directly in front of defendant's car, and was struck a split second after leaving the sidewalk. Defendant's evidence consisted in part of testimony by eye witnesses to the impact. Plaintiff produced no eye witnesses to the actual impact. The trial court before rendering its judgment viewed the site of the accident, and undoubtedly took such view, and the observations there made, into consideration as evidence.

It is trite, but nevertheless pertinent to observe that in a case such as here presented, issues of negligence and proximate cause are questions of fact to be determined by the trial court, and in view of its determination, we are not disposed to conclude as a matter of law that the defendant was not negligent

or that such negligence was not the proximate cause of plaintiff minor's injuries. It is not unreasonable to infer that the defendant was negligent in failing to keep a proper lookout to the north up Appian Way prior to and at the time of the accident. Indeed, as above stated there is evidence to the effect that immediately before the accident he was looking west toward the ocean rather than in the direction he was driving. It is also not unreasonable to conclude that such failure was the proximate cause of the accident, inasmuch as defendant had an opportunity, if he had been keeping a proper lookout, to observe the plaintiff minor at least when the latter emerged from the bottom step of the stairway and passed the space of two feet and eight inches before reaching the retaining wall running south along the east side of the sidewalk, or while he passed over the sidewalk a distance of 5 feet more before reaching the street. And if he had seen plaintiff minor darting in a crouching, crawling or falling position out to the street, it is not unreasonable to say that he, as a man of ordinary prudence, should have anticipated that he (the minor) would continue his course out into the street. So anticipating that result he could have avoided the accident. He would have had sufficient time inasmuch as the minor had to travel across five feet of sidewalk and twelve feet of street before the left front wheel of defendant's car struck him. The trial court could have reasonably concluded that, because of the distance to be covered by the child, taking into consideration the physical capabilities of a child under the circumstances, and the speed of the car at fifteen miles per hour, the range in which the child would have been visible to defendant, the defendant was negligent in failing to keep a lookout, observe the child, and avert the accident. Defendant's evidence that the child shot out into the street directly in front of the defendant's car and that he could not have avoided hitting him, created nothing more than a conflict in the evidence. Inasmuch as the trial court viewed the scene of the accident and in view of the fact that the stairway was ten feet wide, the court may have ascertained that the defendant could have first seen the child when he was at the bottom step of the stairs thus adding about three feet more that the child traveled before the impact or even that he could have seen the child when he was on and running down the stairs.     The law is clear that when a view of the scene of

an accident is made by the trier of facts the conditions observed and properly bearing on the case, are independent evidence which may be considered by the trier of facts in arriving at its decision. (*MacPherson* v. *West Coast Transit Co.*, 94 Cal. App. 463 [271 Pac. 509] ; *Ethel D. Co.* v. *Industrial Acc. Comm.*, 219 Cal. 699 [28 Pac. (2d) 919] ; 24 Cal. Jur. 749–753, 921.) It is hardly credible that defendant did not see the child if he had been looking. His view was unobstructed at least when the minor reached the retaining wall.

Defendant particularly relies upon *Moss* v. *Stubbs*, 111 Cal. App. 359 [295 Pac. 572, 296 Pac. 86]. In that case the boy, nine years of age, darted out from behind a street car directly in front of defendant's car. Among other grounds the case is clearly distinguishable because the defendant there could not possibly have seen the boy until he was only three feet from his car and the boy approaching from the left was struck by the left front wheel of the defendant's car. Defendant cites other cases. (*Depons* v. *Ariss*, 182 Cal. 485 [188 Pac. 797] ; *Zulim* v. *Van Ness*, 3 Cal. App. (2d) 82 [38 Pac. (2d) 820] ; *Van DerHoof* v. *Chambon*, 121 Cal. App. 118 [8 Pac. (2d) 925] ; *Hoy* v. *Tornich*, 199 Cal. 545 [250 Pac 565].) But those cases are all either distinguishable from the case at bar or tend more to support an affirmance of the judgment. Each case necessarily depends upon its particular circumstances. It is apparent from the facts in this case that it is not one in which a child suddenly darts out from a concealed position into the path of a vehicle. Reference may be made to the case of *Zulim* v. *Van Ness*, *supra*, in which the circumstances were somewhat similar to the case at bar, the plaintiff appealed from an adverse judgment, and the court held the issue of negligence to be one of fact, and that the judgment of the trial court was conclusive.

For the foregoing reasons we believe that the evidence was sufficient to support the finding that defendant was negligent and that such negligence was the proximate cause of the accident.

The judgment is affirmed.

Curtis, J., Traynor, J., Shenk, J., and Edmonds, J., concurred.