### RAY *v.* PAN AMERICAN PETROLEUM CORPORATION, *et al.*

BELL, J. 1. "Since questions of negligence, including contributory negligence, lie peculiarly within the province of the jury, they can not, except in plain and indisputable cases, be determined otherwise." *Sherrod* v. *A., B. & A. Ry. Co.,* 27 *Ga. App.* 510 (2) (108 S. E. 908); *Larkin* v. *Andrews,* 27 *Ga. App.* 685 (109 S. E. 518).

2. This being a suit for personal injuries received by the plaintiff in stepping backward and off the running board of his automobile, which was a "closed" car, without knowledge that it had been elevated, when in fact it had been lifted by a hoisting machine at the defendants' service station, to which the plaintiff had carried it for the purpose of having the crank-case drained and refilled with oil, and it appearing, from the testimony taken with the answer, that the defendants knew that the plaintiff had remained in the car, and was standing upon the running board and leaning with his head and shoulders inside the car while brushing out the interior, and was thus in a position of danger unless he knew of the conditions or was warned, and the plaintiff having testified that he did not know and was not warned that the automobile would be raised by means of such machine, the evidence presented an issue of fact for determination by the jury, as to whether the defendants were negligent in raising the automobile by means of the hoisting machine without warning to the plaintiff.

3. Although the plaintiff testified in effect that he knew the automobile had been placed upon the hoisting machine, and that at filling stations equipped with such machines it was customary to place automobiles thereon and to raise them thereby when changing the oil in the crank-cases of such vehicles, he further testified that after leaving the automobile at the station, for the purpose of having the oil changed, he immediately absented himself for a period of twenty to thirty minutes, and that on returning he did not know whether the oil had been changed or not, and for this reason did not know that the automobile had been placed upon the machine for the purpose of changing the oil, nor, therefore, that it would be raised for that or other purpose; and, his testimony authorizing the inference that he believed that it had been placed upon the machine merely to get it out of the way of traffic, it can not be held as a matter of law, from the evidence, that the plaintiff was guilty of such negligence as should bar a recovery, in not knowing or apprehending that the automobile was about to be hoisted.

4. It appearing, from the defendants' answer, that the hoisting machine was raised by means of compressed air, the plaintiff's testimony to the effect that the raising of the machine was absolutely noiseless and without vibration, and was "so easy" that "you could not feel it going or could not hear it," was not so improbable as to be incapable of be-

lief; and since the jury could have inferred, from the plaintiff's testimony, that his failure to take visual notice of the upward movement of the automobile was due to the fact that he was engaged in dusting the interior thereof, and that in so doing he was standing with his feet upon the running board and with his head and shoulders inside the car, it was not conclusive, from the evidence, that the plaintiff's injuries were caused by his own negligence in failing to observe the elevated position of the automobile, before stepping backward therefrom in the belief that the car had remained in its former position with the running board only twelve or fifteen inches above the ground.

5. Whether the acts or omissions of the plaintiff constituted negligence, and, if so, whether the degree of negligence was such as to bar a recovery, depended upon the particular facts and circumstances of the transaction under investigation, and were questions for determination by the jury, under the evidence. The evidence would have authorized a verdict in favor of the plaintiff, and it was therefore error to grant a nonsuit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 17, 1929.

*Rosser & Shaw, Porter & Mebane,* for plaintiff.
*Maddox, Malhews & Owens,* for defendants.