### DAVIS v. PHILLIPS PETROLEUM CO. et al.

### No. 4239.

Court of Civil Appeals of Texas. Amarillo.
June 11, 1934.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Don Emery, R. K. Batten, and T. L. Dyer, all of Amarillo, for appellees.

JACKSON, Justice.

This suit was instituted in the district court of Hall county by appellant to recover damages in the sum of $2,800 for personal injuries alleged to have been caused by the negligence of appellees.

Appellant alleges that about August 3, 1929, the appellees operated a filling station in the town of Turkey, and on that day he drove his automobile to said station for the purpose of having it filled with water and gas and having the oil drained and the car refilled with fresh oil; that, after his car was serviced with water and gas, appellees directed him to drive his car on to a hydraulic lift for the purpose of having the oil drained and the car refilled with fresh oil; that, after stopping his car on the lift, he got out, stood on the frame of the lift, which was about ten inches above the cement floor, and began cleaning his windshield, and, while so engaged, the appellees, with noiseless machinery, hoisted the hydraulic lift with appellant and his car to a height of about six feet; that appellees, though present, gave no notice of its intention of hoisting the lift or the danger incident thereto and had no sign giving notice thereof; that he did not know that the lift had been hoisted or that it could be hoisted without a person situated as he was knowing thereof, and, while the car was so elevated on the hydraulic lift, he stepped off, fell to the cement floor and suffered serious injuries which he sets out in detail; that it was the duty of appellees to notify appellant of its intention to hoist the lift on which he was standing and notify him of the dangers incident thereto or have a sign in view warn-ing him thereof; that they failed to discharge such duties, and such failure constituted negligence and was the proximate cause of appellant's injury.

The court sustained the general demurrer urged by appellees to the petition, appellant refused to amend, and the case was dismissed, which action of the court is presented for review.

■ According to the allegations of the petition, appellant knew he was driving on to the hydraulic lift to have the oil in his car changed. He does not claim this should have been done without hoisting the car or that he did not know that the car would be hoisted by the lift for that purpose. He alleges no mental incapacity, inexperience, defective senses or sensibilities, or ignorance of the hydraulic lift or its operation that would charge appellees with a degree of care greater than was due any person of ordinary prudence, and in our opinion the allegations in the petition do not show actionable negligence against the appellees. O'Brien v. Standard Oil Co. of Kentucky (C. C. A.) 38 F.(2d) 808.

The appellant did not allege any fact or circumstance that would excuse him from the exercise of such care and prudence for his own safety as the law requires, and the petition reveals, we think affirmatively, that appellant was guilty of such negligence as would defeat his recovery.

■ "To the general rule imposing upon the defendant the burden of proof on the issue of contributory negligence there appear to be, in the very nature of things, two well-defined exceptions: First. Where the legal effect of the facts stated in the petition is such as to establish prima facie negligence on the part of plaintiff as a matter of law, then he must plead and prove such other facts as will rebut such legal presumption. The plain reason is that by pleading facts which, as a matter of law, establish his contributory negligence, he has made a prima facie defense to his cause of action which will be accepted as true against him, both on demurrer and as evidence on the trial, unless he pleads and proves such other facts and circumstances that the court cannot, as a matter of law, hold him guilty of contributory negligence." Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 904, 28 L. R. A. 538.

The judgment is affirmed.