HARTWICK *v.* LAWSON.

1. AUTOMOBILES—GARAGES—HOIST—NEGLIGENCE.

In sedan owner's action against garage keeper for injuries sustained when plaintiff stepped backward out of the rear part of his car and fell to floor some five feet below, the car having been raised on a hydraulic hoist for servicing after plaintiff entered car to clean a rear window and left door open, question as to whether failure to warn plaintiff was negligence on part of defendant's servant who testified he had seen plaintiff some 60 feet away from the car a minute and a half before operating the hoist *held*, question of fact for jury.

2. SAME—CONTRIBUTORY NEGLIGENCE—FAILURE OF OCCUPANT TO OBSERVE CAR HAD BEEN HOISTED.

Plaintiff sedan owner who knew his car had been driven upon a hydraulic hoist for purpose of servicing, who entered his car for purpose of cleaning a rear window and then, after car had been raised some five feet into the air, failed to look before he stepped back out of car and fell to floor, *held*, guilty of contributory negligence as a matter of law, where, had he looked, he would have observed car was suspended in the air.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted June 14, 1939. (Docket No. 75, Calendar No. 40,597.) Decided September 5, 1939.

Case by James W. Hartwick against William A. Lawson and Packard Motor Company, a Michigan corporation, for personal injuries sustained by falling from car on a hoist. Directed verdict for defendant Packard Motor Company. Verdict and judgment for plaintiff against defendant Lawson. Defendant Lawson appeals. Reversed without a new trial.

*Ralph E. Routier,* for plaintiff.

*Vandeveer, Vandeveer & Haggerty,* for defendant.

CHANDLER, J. On April 6, 1937, plaintiff drove his Packard sedan into defendant's garage and gave instructions that the car be greased and the engine oil changed. Defendant's superintendent, upon receiving plaintiff's orders, took charge of the car and drove it onto a hydraulic hoist in line with other cars being serviced in the garage.

According to plaintiff, one of defendant's employees was working upon the left side of the engine when plaintiff said that that would be a good opportunity to clean the rear window which had become soiled, and that with this purpose in mind he stepped into the car through the right rear door, leaving the door open. After cleaning the window, he stepped backward upon the running board with his left foot preparatory to alighting from the car. As he stepped from the running board, however, he fell to the cement floor which was then some five feet beneath him, the car having been hoisted into mid-air by the attendant during the time plaintiff was engaged in

cleaning the window. For injuries thus sustained, he instituted this suit. Defendant's motion for a directed verdict was denied as well as his motions for judgment *non obstante veredicto* and a new trial following verdict for plaintiff.

Defendant appeals, claiming that the trial court erred in submitting the question of his negligence to the jury, and that plaintiff was guilty of contributory negligence as a matter of law.

The testimony conflicts in some particulars, plaintiff asserting that no one informed him when he announced his intention to enter the car that the hoist was to be raised. Defendant's employee testified that about a minute and a half prior to operating the hoist, he saw plaintiff some 60 feet away from the car conversing with another man; that he did not see plaintiff enter the car and was not told that he intended to do so. He further testified that when he saw plaintiff some distance away, prior to raising the hoist, he looked into the car and found it to be unoccupied.

If plaintiff informed the employee of his intention of getting into the car, as he testified, he would have been observed by the employee if an inspection for his presence had been made, and should have been warned that the hoist was about to be elevated so that injury to him would not be apt to result from the operation. Defendant's servant claimed that he was not informed as to what plaintiff intended to do, and that an inspection made by him a minute and a half before the car was raised failed to reveal plaintiff's presence therein. This testimony clearly presented a question of fact for the jury as to whether or not defendant was guilty of negligence.

On the question of plaintiff's contributory negligence, he testified that his car had been greased at defendant's garage for two years prior to the acci-

dent; that this was the first occasion to his knowledge that the car was ever raised on the hoist, the attendant theretofore having crawled under the car while it rested upon the ground to perform this service; that he did not sense that the car was being raised in the air and had no knowledge thereof, and that he stepped out thinking that it was resting on the floor; and that he did not look before he alighted, but had he looked would have observed that the car was suspended in the air.

Although plaintiff claims that to his knowledge his car had never previously been elevated in the air for the purpose of permitting drainage of the oil, he was aware that it had been driven upon the hoist on this particular day. He knew the purpose of the mechanism and that the attendant had been instructed to drain the oil. Knowing these facts, the duty rested upon him to make proper observation for his own safety. He admits that he failed to look when he alighted from the car, and had he looked would have seen that the car had been raised from the floor.

In *Goodman* v. *Theatre Parking, Inc.*, 286 Mich. 80, the plaintiff was injured as he stepped from his car on to a large cinder. In reversing a judgment in his favor, we said:

"Plaintiff, however, claims that, as he stepped out, the running board of his car would have shut off view of the cinder had he looked, but this did not relieve him of the duty of looking where he was about to step, and he testified he did not look.

"Ordinary prudence demands that a view be taken of the place where one is about to step. Plaintiff failed to take such view and, even if defendant was negligent in permitting the cinder to remain upon the lot, plaintiff's contributory negligence bars recovery."

If plaintiff had looked he would have seen the position of the car. He was guilty of contributory negligence as a matter of law in failing to observe for his own safety.

See, also, *O'Brien* v. *Standard Oil Co. of Kentucky* (C. C. A.), 38 Fed. (2d) 808; *Davis* v. *Phillips Petroleum Co.* (Tex. Civ. App.), 72 S. W. (2d) 673.

The judgment is reversed without a new trial, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.