[No. 31012. Department Two. November 1, 1949.]

JOHN P. ANGEL, *Appellant,* v. McKALES, INC., *Respondent.*[1]

*Wettrick, Flood & O'Brien,* for appellant.

*Kahin, Carmody & Pearson,* for respondent.

ROBINSON, J.—At about one o'clock on Sunday, September 21, 1947, John P. Angel, the plaintiff in this action, drove his automobile into the McKale's Service Station at Broadway and east Roy, in Seattle. The car was taken to the grease rack, raised on the hoist, greased, and lowered. While the attendant was putting fresh oil in the car, Mr. Angel noticed a dust cloth on the tool rack. According to his testimony, he asked the attendant if he could use this cloth to dust the dashboard of the car, and the attendant replied, "Yes, go ahead and use it." Mr. Angel then proceeded to the left side of the car, stepped inside, and began to dust the dashboard. Meanwhile, the attendant raised the car on the hoist in order that the assistant station manager might have an opportunity to check the work that had been done. Mr. Angel was unaware that the car had been raised, and, when, upon finishing his dusting, he stepped backward, he fell out of the car and onto the pavement, sustaining severe injuries. This suit followed.

After plaintiff had presented his case, defendant challenged the sufficiency of the evidence and moved for a dis-

[1] Reported in 210 P. (2d) 812.

missal of the action. The court granted the motion on the ground that the evidence was insufficient to show negligence on the part of the defendant and established contributory negligence on the part of the plaintiff. By this ruling of the trial court, the appellant was, in effect, denied a jury trial.

■ The questions of defendant's negligence and of plaintiff's contributory negligence were questions of fact which the jury was empaneled to answer by weighing the evidence, and could not properly be resolved by the trial judge. The evidence showed that Mr. Angel was a frequent customer of this service station, and that he had never seen an automobile raised twice during a grease job. Whether it was negligent for the attendant not to have warned him that this was about to be done, when Mr. Angel had just asked him for permission to use a cloth in dusting the dashboard, was a question upon which reasonable minds might differ.

The same is true with reference to the matter of contributory negligence. Whether Mr. Angel, in the exercise of ordinary care and prudence, should have been aware of the fact that the car might be raised a second time, or whether he should have realized that it was being raised while he was inside it, or whether he should have looked back before stepping out of the car, were all issues properly to be resolved by the jury. *Ray v. Pan American Petroleum Corp.,* 40 Ga. App. 50, 148 S. E. 669, was a similar case in which the court, reversing a judgment of non-suit, said:

"Whether the acts or omissions of the plaintiff constituted negligence, and, if so, whether the degree of negligence was such as to bar a recovery, depended upon the particular facts and circumstances of the transaction under investigation, and were questions for determination by the jury, under the evidence. The evidence would have authorized a verdict in favor of the plaintiff, and it was therefore error to grant a nonsuit."

Cases such as *Davis v. Phillips Petroleum Co.,* 72 S. W. (2d) (Tex. Civ. App.) 673, and *Hartwick v. Lawson,* 290 Mich. 91, 287 N. W. 391, which, on similar facts, appear to reach a different result, are distinguishable, at least in

part, on the ground that the plaintiffs therein clearly should have anticipated that their automobiles were about to be hoisted. Here, this was in doubt. Whether Mr. Angel ought to have known that his car would have to be raised a second time in order to receive a final check, was a factual question for the jury to resolve.

The judgment dismissing the action will be reversed, and the cause remanded for a new trial. It is so ordered.

MALLERY, HILL, and HAMLEY, JJ., concur.

SIMPSON, C. J., concurs in the result.