Buell B. JONES, Appellant,

v.

RICKARD & DAVIS, INC., a corporation, Appellee.

No. 6084.

District of Columbia Court of Appeals.

Argued Jan. 11, 1972.

Decided March 27, 1972.

J. Lawrence Hall, Washington, D. C., for appellant.

F. Wainwright Barnes, for appellee.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from a judgment on a directed verdict against the owner of a new automobile who fell from the car after it had been raised on a hydraulic lift. The trial court concluded that no proof of negligence was present in the evidence on behalf of the injured owner. We affirm.

The owner-plaintiff returned his car to the dealer because of a defective radio. An employee drove it into a nearby stall and began to investigate the malfunction. A few minutes later, the owner, who was then standing near the car, opened the door and stood on the floor of the car in order to dust the top, it "being a brand new car." While he was so engaged, a mechanic elevated the car on the lift to a distance of about seven feet.

The owner testified that he did not know the stall was equipped with a lift, did not expect the car would be raised, and did not feel the car bump as it began its ascent. He also said he was otherwise unaware of its upward movement. When he finished dusting the top, he stepped back and fell.

Ruling on a motion for directed verdict was reserved for final consideration at the conclusion of the defense which consisted of testimony of one witness, the mechanic. He described the lift as a two-part mechanism. It was not a ramp-type lift onto which the car wheels were driven. Rather, it had a separate front and rear portion. The rear part engaged the rear axle hous-

ing of the car. The front part, after adjustments, engaged structural parts of the front end of the car. Either part of the lift was capable of lifting its end of the car independently.

The mechanic also related the procedure used as to this particular car. The rear part was engaged first and that end of the car lifted slightly or bumped as the axle seated on the lift. The front was then adjusted and engaged—again with a bump. The car was then raised with both parts of the lift moving together for about 30 seconds. The controls for the lift were on the stall floor immediately in front of the car. Before adjusting the lift the mechanic had raised the hood and determined that inspection under the car was necessary. During this initial period the mechanic saw the owner standing near the car talking to another employee. Because the controls were on the floor and the hood was raised, the mechanic did not again see the owner and did not know he had stepped onto the car.

■ The owner contends that the jury should have been permitted to determine whether there was negligence on the part of the appellee in lifting the car without first ascertaining that the owner was not located where he might have been injured. Stated another way, he in effect asserts that an agent of the dealer should have known or anticipated that the car owner would likely step onto the car, ride up with it, and unknowingly step off. We think no such duty is imposed by law under these circumstances.

■ We assume that the standard of care to be exercised by the car dealer would be that of reasonable care.[1] Thus the issue is whether the injury here revealed was reasonably foreseeable so as to require a warning or other action by agents of the dealer.

Courts in other jurisdictions have dealt with similar factual situations involving hydraulic lift accidents. They have generally dealt with contributory negligence and have differed on whether that issue was for the jury, depending on the facts of the individual case. *See* O'Brien v. Standard Oil Co., 38 F.2d 808 (5th Cir. 1930); Ray v. Pan-American Petroleum Corp., 40 Ga. App. 50, 148 S.E. 669 (1929); Tritle v. Phillips Petroleum Co., 140 Kan. 671, 37 P.2d 996 (1934); Hartwick v. Lawson, 290 Mich. 91, 287 N.W. 391 (1939); Davis v. Phillips Petroleum Co., 72 S.W.2d 673 (Tex.Civ.App.1934); Angel v. McKales, Inc., 34 Wash.2d 912, 210 P.2d 812 (1949).

A common analytical factor in each of these cases revolves around the fact that the injured person should have been reasonably aware of his peril and should have exercised due care. Moreover, it has been stated that negligence

"is conduct which falls below the standard established by law for the protection of others against unreasonable risk. It necessarily involves a foreseeable risk, a threatened danger of injury, and conduct unreasonable in proportion to the danger. *If the defendant could not reasonably foresee any injury as the result of his act, or if his conduct was reasonable in light of what he could anticipate, there is no negligence,* and no liability." W. Prosser, Law of Torts 250 (4th ed. 1971). [Emphasis supplied.]

Accordingly, we conclude on the facts revealed herein that the car owner failed to prove negligence in that it was simply not foreseeable that the owner's fall would result from any failure to observe him or give warning before activating the lift. The judgment appealed from is

Affirmed.

---

1. *See* Restatement (Second) of Torts § 341A (1965); *cf.* Lustine-Nicholson Mo-
tor Co. v. Petzal, 106 U.S.App.D.C. 18, 268 F.2d 893 (1959).