Robert L. **BALTIMORE**, Appellant,

v.

**B.F. GOODRICH COMPANY**, Appellee.

No. 84–1214.

District of Columbia Court of Appeals.

Argued March 7, 1985.

Decided April 16, 1985.

John T. Irick, Ronald E. Tucker and Albert L. Preston, Washington, D.C., were on the brief, for appellant.

R.G. Guziak, Washington, D.C., for appellee.

Before NEBEKER, BELSON and ROGERS, Associate Judges.

NEBEKER, Associate Judge:

Mr. Baltimore appeals the trial court's granting of a directed verdict in favor of

B.F. Goodrich Company. He contends that he presented sufficient evidence that a B.F. Goodrich employee had negligently caused his injury to have the case submitted to the jury. We agree and reverse and remand the case for a new trial.

I

On October 12, 1978, Mr. Baltimore drove to the B.F. Goodrich Shop on New York Avenue, N.E. to have tires put on his car. Once there, he was told that the car also needed new shock absorbers and would have to be left there for several hours. Appellant agreed to this but remembered that he had left some valuables in the car. As he and the man who was going to work on the car walked over to the car, he told this serviceman that he wished to put some items in the trunk. The serviceman said "Okay," so Mr. Baltimore took items from under the driver's seat and placed them in the trunk. He then returned and lay across the front seat to retrieve an electric drill from under the passenger seat. Finding that he could not get the drill out that way, appellant pushed himself up to get out of the car. When he had gotten part way out, he fell backwards out of the car. Unbeknownst to Mr. Baltimore, the car had been raised on the hydraulic lift while he was lying across the seat.

Following his fall, Mr. Baltimore informed the manager, Mr. Miller, of what had transpired. He and Mr. Miller walked back to the area where the fall had occurred, and Mr. Baltimore kept asking Mr. Miller "why did they do that." Mr. Miller spoke with the service attendant and then told Mr. Baltimore that "[the attendant] said he had things on his mind." At trial, Mr. Baltimore described this service attendant as a skinny white male, not in a uniform, who looked to be 15 to 16 years old. B.F. Goodrich claimed that it had no employee fitting this description and that all of its employees wear uniforms.

Following the close of the evidence, the trial court granted B.F. Goodrich's motion for a directed verdict, relying heavily on this court's decision in *Jones v. Rickard & Davis, Inc.*, 289 A.2d 13 (D.C.1972). In that case, as here, the owner of an automobile fell from the car after it had been raised on a lift with him in it. There is a crucial distinction between the two cases, however. In *Jones*, permission to enter the car was not at issue, as the plaintiff conceded that he had gotten in of his own accord. Here, by contrast, appellant's case rises or falls on the question of whether a B.F. Goodrich employee had given him permission to go into his car, thereby putting B.F. Goodrich on notice of Mr. Baltimore's presence in the car.

II

We begin with the proposition that the standard of care to be exercised by B.F. Goodrich was that of reasonable care. The issue then becomes whether the injury appellant sustained was reasonably foreseeable so as to have required a warning or other action by a B.F. Goodrich employee. *Id.* at 14. If so, under the common law doctrine of respondeat superior, B.F. Goodrich would be liable for the negligence of such an employee if, at the time of the negligent act, the employee was acting within the scope of his employment. *District of Columbia v. Davis*, 386 A.2d 1195, 1202 (D.C.1978).

The dispute in this case centers around the existence of a B.F. Goodrich employee who would have been on notice that appellant was inside of his car at the time that the lift was raised. In reviewing the test governing a trial court's consideration of a motion for a directed verdict, this court has stated:

> The rule applicable in the District of Columbia on a motion for a directed verdict, in an action founded upon negligence, is that the evidence must be construed most favorably to the plaintiff; to this end he is entitled to the full effect of every legitimate inference therefrom; if upon the evidence, so considered, reasonable men might differ, the case should go

to the jury; if, on the other hand, no reasonable man could reach a verdict in favor of the plaintiff, the motion should be granted; a mere scintilla of evidence is not sufficient ....

*Rich v. District of Columbia,* 410 A.2d 528, 532 (D.C.1979), quoting *Shewmaker v. Capital Transit Co.,* 79 U.S.App.D.C. 102, 103, 143 F.2d 142, 143 (1944) (footnote omitted). Further, no recovery can be predicated upon evidence which is inherently incredible. *Alley v. Dodge Hotel,* 179 U.S. App.D.C. 256, 261, 551 F.2d 442, 447, *cert. denied,* 431 U.S. 958, 97 S.Ct. 2684, 53 L.Ed. 277 (1977).

The record reflects evidence that a man who had accompanied Mr. Baltimore to his car from the manager's office gave him permission to enter the vehicle and stood by while he got in. After his fall, Mr. Baltimore saw this person standing behind the car, and the same man told the manager that he had been inattentive because he had other things on his mind. Viewing this evidence in the light most favorable to Mr. Baltimore, we conclude that he presented sufficient evidence from which a reasonable juror could infer that this man was an employee of B.F. Goodrich.

*Reversed and remanded for a new trial.*