Agnes E. Collins appeals from a summary judgment in favor of Richard Wilkerson, d/b/a Custom Muffler. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
On July 24, 1992, Collins, who at that time was 70 years old, was injured at Custom Muffler when she stepped out of the passenger's side of an automobile driven by her daughter and fell off a ramp. Custom Muffler's service attendant, Jeffrey Nowell, had walked behind the ramp and motioned for Collins's daughter to drive the car to the top of the ramp, which was positioned over a lift that enabled the car to be raised into the air. Collins remained in the car as it drove up the ramp; after a query from Nowell, Collins and her daughter decided to exit the car and wait while the muffler was being replaced.
Collins testified in a deposition, "I opened the door to get out of the car and I stepped on air. I didn't — I thought I was going to step on the ground, but I didn't. I just stepped in thin air and fell down as I went down." She stated that she looked down at the ground as she put her foot out of the car, but that she did not realize that "it was so far down to the ground." Collins also testified that she suffers from impaired vision, but that at the time of the accident she was able to see well enough to get in and out of a car without difficulty. The record indicates that the car had not yet been raised by the lift at the time Collins fell off the ramp.
On June 30, 1994, Collins sued Wilkerson, d/b/a Custom Muffler, alleging negligence, negligent supervision of an employee, and violations of § 25-1-1(a), Ala. Code 1975; she later amended her complaint to allege wantonness as well. Wilkerson answered, asserting the affirmative defenses of contributory negligence and assumption of the risk. Wilkerson moved for a summary judgment; Collins filed motions in opposition. On May 12, 1995, the trial court denied Wilkerson's motion; however, after Wilkerson moved the court "to reconsider," it ultimately entered an order granting Wilkerson's motion for a summary judgment on May 31, 1995. Although the trial court did not specify the reasons for its ruling, the basis of Wilkerson's motion was that the ramp was an open and obvious condition and that Collins had been contributorily negligent and had assumed the risk as a matter of law.
Alabama law regarding summary judgment is well established. Once the movant has made a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that the movant is entitled to judgment as a matter of law, the nonmovant must rebut this showing by presenting "substantial evidence" to create a genuine issue of material fact. "Substantial evidence" has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). Also, reasonable doubts concerning the existence of a material fact must be resolved in favor of *Page 1102 
the nonmoving party. Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990).
Collins contends that the trial court erred entering the summary judgment, because, she says, she submitted substantial evidence that created a genuine issue of material fact regarding her claims of negligence, negligent supervision, wantonness, and violations of § 25-1-1(a). She also argues that the trial court erred in holding that she was barred from recovery as a result of contributory negligence and/or assumption of the risk upon her part. Wilkerson argues that the ramp was an open and obvious condition, and that Collins was contributorily negligent as a matter of law.
It is undisputed by both parties that Collins was a business invitee at the time of her accident. In Lamson Sessions BoltCo. v. McCarty, 234 Ala. 60, 173 So. 388 (1937), our supreme court discussed the duty of a invitor to an invitee:
 "This court is firmly committed to the proposition that the occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, expressed or implied, for the transaction of business, or for any other purpose beneficial to him; or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it.
 "This rule . . . includes (a) the duty to warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation."
Id., 234 Ala. at 63, 173 So. at 391 (citation omitted).
In opposition to the summary judgment motion, Collins presented Wilkerson's deposition testimony regarding the entry and presence of customers in the work area, and a copy of a safety manual pertaining to car lifts that she had obtained during discovery. After reviewing this evidence, we hold that the trial court erred in part in entering the summary judgment.
Wilkerson testified that customers were not supposed to be in the work area of Custom Muffler but that he had never told Nowell that customers were not supposed to be in the work area. When asked if it was against company rules for customers to pull their cars up onto the ramp, he answered, "It would just depend on what the case would be." Wilkerson further stated that there was no set test or criteria used to determine which customers would be, and which would not be, allowed to drive up the ramp, but that if he had been present he would not have permitted Collins to ride up the ramp. He testified that signs posted outside the shop and in the work area stated that customers were not allowed in the work area, and he testified that if Nowell had seen customers in the car on the ramp, he should have warned them to watch their step when exiting the car. He went on to state that if Nowell had not warned them, that omission was contrary to company rules and procedures, and he conceded that there was a "possibility" that it was dangerous for a 70-year-old woman to ride up the ramp and get out of a car. Additionally, the safety manual Collins presented to the trial court contained the following statement: "Never allow the customer to drive the vehicle into the service bay."
Viewing this evidence in a light most favorable to Collins, we hold that she presented substantial evidence creating a genuine issue of material fact as to whether Custom Muffler breached a duty of care by allowing her, as a business invitee, to enter into the work area of the shop. Accordingly, we reverse that portion of the trial court's judgment relating to the negligence claim, and we remand the case for further proceedings on that issue.
Regarding Wilkerson's claims that Collins is barred from recovery as a matter of law based on the doctrine of contributory negligence, we note the following passage fromBogue v. R M Grocery, 553 So.2d 545, 547-48 (Ala. 1989):
 "Once it has been determined that the duty owed to an invitee has been breached, questions of contributory negligence, assumption *Page 1103 
of the risk, and whether the plaintiff should have been aware of the defect, are normally questions for the jury. This is such a case. There are any number of factual issues for a jury in this case, as there usually are in negligence cases."
Although Wilkerson has cited to this court several cases wherein plaintiffs who were injured after stepping off raised hydraulic lifts were held to have been contributorily negligent as a matter of law (see, e.g., Hartwick v. Lawson, 290 Mich. 91,287 N.W. 391 (1939); Davis v. Phillips Petroleum Co.,72 S.W.2d 673 (Tex.Civ.App. 1934)), we do not find these cases to be persuasive; the record reveals that Custom Muffler's hydraulic lift was not in operation at the time Collins fell off the ramp.
We hold, however, that the evidence fails to create a genuine issue of material fact regarding Collins's wantonness claim. "Wantonness" has been defined as "the doing of some act or the omission to do some act with reckless indifference that such act or omission will likely or probably result in injury."IMAC Energy, Inc. v. Tittle, 590 So.2d 163, 169 (Ala. 1991). In order to constitute wantonness, a failure to act must be accompanied with the knowledge that someone is probably imperiled, and thus the failure to act must be in reckless disregard of the consequences. Whaley v. Lawing, 352 So.2d 1090
(Ala. 1977). No evidence presented to the trial court suggested that Nowell or Wilkerson acted with reckless indifference toward Collins; the summary judgment for Wilkerson was proper as to the wantonness count.
Collins also attacks the summary judgment as it relates to her claim of negligent supervision, arguing that Wilkerson had failed to properly supervise and train Nowell in the safe use of the lift, including the placement of vehicles thereon. The elements of negligent supervision in Alabama have been discussed by our supreme court in Lane v. Central Bank ofAlabama, N.A., 425 So.2d 1098 (Ala. 1983):
 "In the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge. It is incumbent on the party charging negligence to show it by proper evidence."
Id., at 1100. Both Wilkerson and Nowell admitted in depositions that Wilkerson had never instructed Nowell to keep customers out of the work area; however, Collins has failed, under Lane, to submit substantial evidence that Wilkerson actually knew of any incompetency on the part of Nowell, or to suggest that if he had exercised due diligence he would have learned something that would charge him in the law with such knowledge. Although we have held that a jury question exists as to whether Wilkerson's employee was negligent, negligence is not synonymous with incompetency, and a single instance of negligence will not prove an employee incompetent, nor will it impute knowledge to his employer of incompetency; the most competent employee may be negligent. Alabama City, Gadsden A.Ry. v. Bessiere, 190 Ala. 59, 66 So. 805 (1914). As a result, we hold that the summary judgment was proper as to Collins's negligent supervision claim.
Last, Collins argues that the summary judgment was improper as to her claim brought under § 25-1-1(a), Ala. Code 1975, which states that an employer shall provide a safe workplace for "employees and others who are not trespassers." Collins contends that because she was a business invitee of Custom Muffler and not a trespasser, she may bring an action against the shop under this statute. We disagree. "Section 25-1-1 is a general industrial relations and labor statute that establishes an employer's duty to provide a safe workplace for itsemployees, and it has long formed the basis for co-employee liability." Powell v. United States Fidelity Guaranty Co.,646 So.2d 637, 638 (Ala. 1994) (emphasis added). This court does not find an action by a business invitee against an employer to fall within the purview of this statute, and we hold that the *Page 1104 
summary judgment was properly entered for Wilkerson on the § 25-1-1(a) claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and CRAWLEY, J., concur.